# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5112 | **DATE** | 7/24/2002 |
| **CASE TITLE** | Tara M. Joiner vs. Adecco Employment Services, Inc. and Adecco North America, L.L.C. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Adecco's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Adecco's Motion for Summary Judgment in its favor is GRANTED [20-1]. All other motions are moot and terminated. This action is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 3 1 2002 date docketed | |
| X | Docketing to mail notices. | | | 36 |
| ✓ | Mail AO 450 form. | | S.B. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | klb (lc) courtroom deputy's initials | 02 JUL 30 PM 5:02 Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JUL 3 1 2002

| | |
|---|---|
| TARA M. JOINER, | ) |
| Plaintiff, | ) |
| v. | ) No. 01 C 5112 |
| | ) HONORABLE DAVID H. COAR |
| ADECCO EMPLOYMENT SERVICES, INC. and ADECCO NORTH AMERICA, L.L.C., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tara Joiner ("plaintiff" or "Joiner"), filed a one count complaint in this Court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), against her former employer, Adecco Employment Services and Adecco North America LLC a/k/a Millennium Staffing ("defendant" or "Adecco") alleging that she was retaliated against for complaining about sexual harassment. Before this court is Adecco's motion for summary judgment in its favor. For the reasons set forth below, Adecco's motion for summary judgment is granted.

**1. Summary Judgment Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Michael v. St. Joseph County, et. al, 259 F.3d 842, 845 (7th Cir. 2001). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences

-1-

36

drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Michael, 259 F.3d at 845; Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose the motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts, see Wolf v. Northwest Ind. Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion, see Albiero, 246 F.3d at 932. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552-53. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250, 106 S. Ct. at 2511.

## II. Statement of Facts

Joiner has resided in Romeoville, Illinois since April 1, 2001. From approximately October 1998 until April 1, 2001, plaintiff resided in Schiller Park, Illinois. At all times relevant to this litigation, Adecco operated a staffing business that placed, through their Millennium

Staffing division, administrative and customer service professionals at various clients' job sites for employment on a temporary basis. Adecco has numerous locations nationwide, including an office doing business as Millennium Staffing in Northbrook, Illinois.

Plaintiff applied for employment with Adecco on December 5, 2000. At the time Joiner applied for employment with Adecco, she informed Adecco that she had certain limitations regarding her placement.[1] On December 14, 2000, plaintiff accepted a job placement as an administrative assistant with Totsch Enterprises, Inc. Totsch Enterprises is located on Higgins Road in Rosemont, Illinois, several miles from where Joiner lived during the time she was placed there. Totsch Enterprises is the only job site at which Joiner worked during her employment with Adecco.

Marvin Totsch ("Totsch") was the president of Totsch Enterprises and was Plaintiff's boss. Totsch is wheelchair bound. Joiner alleges that, while she was working at Totsch Enterprises on February 26, 2001, Totsch told her to "take off" her skirt and ran his hand up plaintiff's leg to her inner thigh. Later in the evening of February 26, 2002, plaintiff, consistent with her understanding of Adecco policy, transmitted a facsimile to Adecco setting forth her allegations of what happened at Totsch Enterprises. Joiner returned to Totsch Enterprises's premises the following morning, February 27, 2001, at approximately 8:15 or 8:30 a.m. Although Joiner was "fearful to be in the office with Mr. Totsch" and "got sick to her stomach about going back" to Totsch Enterprises, she did not want to lose her good standing with Adecco

---

[1]Plaintiff claims she told Adecco that she had time constraints due to the fact that her son's daycare did not open until 7 a.m. and that as a result she needed to be placed at a job which was close enough to allow her to drop offer her son at 7:00 a.m. and still make it to work on time. Adecco claims that plaintiff stated she could work at locations throughout Rosemont, Des Plains and Park Ridge, Illinois.

-3-

or be terminated for not showing up for work. Joiner immediately contacted Adecco's Northbrook, Illinois office. Plaintiff was informed that Adecco managers or other representatives were at that time discussing the issues raised in her facsimile and was told that someone from Adecco would contact her. Adecco branch manager, Colleen Craig, telephoned plaintiff a short time later on the morning of February 27, 2001, told her that she "shouldn't be in the office with that man," and instructed her to go home.[2] Craig invited Joiner to work at Adecco's Northbrook, Illinois office beginning on the following day, February 28, 2001.[3] Plaintiff did not work at the Northbrook, Illinois office, however, because she did not have a car and lacked transportation to get there. Craig also advised Joiner that she would be paid for the day. Joiner was subsequently paid for 8 hours that day, February 27, 2001.

Later on February 27, 2001, after plaintiff had left Totsch Enterprises and gone home, Adecco staffing consultant Johanna Bernard telephoned plaintiff and informed her that she was going to try to find plaintiff another job placement. Bernard told plaintiff that she wanted to update plaintiff's resume and asked for additional references. Plaintiff told Bernard that she did not have a car and "couldn't be placed too far from home."[4] Bernard used the additional

---

[2] Plaintiff claims that Craig first asked Joiner how she felt about staying at the office and that after Joiner told her she didn't want to stay there Craig stated that she "shouldn't be in the office with that man." Defendant, however, denies Craig ever asked Joiner how she felt and that her statement that Joiner "shouldn't be in the office with that man" was not in response to anything Joiner said.

[3] Plaintiff claims that Craig mentioned that she may have work in the Northbrook office, but she never actually offered the position to Joiner. According to Joiner, they did not discuss salary or any other terms of the position.

[4] Joiner claims that she told Bernard that she did not have a car and would be relying on public transportation and, therefore, would have to be placed at a location that would allow her to drop her son off at daycare at 7:00 a.m. and still make it to work on time. Her

-4-

information provided by plaintiff and revised plaintiff's resume. On March 1, 2001, Bernard left messages for four clients to find placement for Joiner. On or about March 1, 2001, Bernard telephoned plaintiff and inquired whether Joiner had bought a car. Joiner responded that she had not. Bernard told her that there were two potential placements available in Park Ridge, Illinois. Bernard told her that at least one of the possible positions in Park Ridge was at a lower hourly rate than Joiner was making at Totsch Enterprises. Plaintiff then told Bernard that she would need to research public transportation possibilities. On or about March 2, 2000, plaintiff told Bernard that public transportation to Park Ridge would take two hours and that she would not be able to get her son to daycare at 7 a.m. and still get to work on time.[5]

Also on or about March 1, 2000, plaintiff mentioned to Bernard that the Totsch Enterprises location had been convenient because plaintiff could travel there from her home by way of a relatively inexpensive taxicab ride. Bernard informed plaintiff that there was a potential placement available with an Adecco client located in the same building as Totsch Enterprises. Bernard suggested, however, that Adecco was not inclined to place plaintiff at a job site in the same building as Totsch Enterprises in light of the allegations plaintiff had raised with respect to her employment there. Plaintiff did not express disagreement with Bernard and did not bring up

---

deposition testimony, however, makes no mention of time constraints with respect to her son, only the fact that she did not have a car (Joiner Dep. at 89).

[5]Plaintiff alleges that Bernard never actually offered her a position in Park Ridge, she just mentioned it to her on March 1, 2001. Defendants state that plaintiff declined the opportunity to work at any potential Park Ridge, Illinois placements due to transportation issues and the need to get her sone to day car at a certain time.

the potential placement to Bernard or anyone else after the conversation.[6] Although plaintiff performed no work on February 28, March 1, or March 2, 2001, Adecco paid her for eight hours of work on each of those days - equal to plaintiff's typical work day.

On March 2, 2001, Joiner hired an attorney and filled out a Charge of Discrimination (the "Charge") with the Illinois Department of Human Rights and Equal Employment Opportunity Commission ("IDHR") which was notarized on that date. The Charge was not received by the IDHR, however, until March 13, 2001.[7] Adecco is named as a respondent in the Charge. The Charge stated the following:

> On or about February 26, 2001 I was an employee of ADECCO leased to TOTSCH ENTERPRISES, INC. While employed at TOTSCH ENTERPRISES, INC., I was sexually harassed by MARVIN TOTSCH, president of the company.
> On February 26, 2001, at about 4:45 p.m., Mr. TOTSCH made sexually offensive remarks to me. He invited me to remove my skirt. As I pulled away, he grabbed my arm, then he put his hand on my leg. I was speechless and became sick to my stomach over the offensive conduct.
> I reported the incident to ADECCO and refused to return to TOTSCH. ADECCO did not place me elsewhere for a few days, and I have lost income and had to hire an attorney.
> As a result of the sexual harassment alleged, I have been embarrassed, humiliated, inconvenienced and economically harmed.[8]

---

[6]Joiner also stated in her deposition that Bernard never explicitly offered the position. Joiner stated that she would have taken the position, despite her discomfort, because she needed the money (Joiner Dep. at 108). Bernard stated in her deposition that Joiner turned down the position (Bernard Dep. at 20-21).

[7]Joiner maintains that she filed the Charge on March 2, 2001 but the received stamp on the Charge bears the date of March 13, 2001. The Charge was, however, notarized on March 2, 2001.

[8]As of March 2, 2001, the date the Charge was notarized, Joiner had not yet lost any income. Adecco had not placed Joiner but had paid her for February 27 and 28, 2001 as well as March 1 and 2, 2001.

Bernard attempted to contact a client regarding Joiner on March 5, 2001. Bernard also left messages with five clients on March 6, 2001, as reflected on the activity report, in an attempt to find a placement for Joiner. On or about March 6, 2001, plaintiff left Bernard a voicemail informing Bernard that plaintiff had purchased a car and was ready to accept a job placement.[9] In her declaration, Bernard states that on March 6, 2001 she left Joiner a message offering her a placement at Flagstar Bank in Chicago. This is also listed in the activity report for March 6, 2001. Joiner claims, however, that she never received any such message from Bernard and that her Caller ID did not register any telephone calls from Adecco on March 6, 2001. Joiner states in her answer to interrogatories that she also called Bernard on March 7, 2001 informing her that she had purchased a car. Adecco denies having received such a call and it is not reflected in the activity log. Joiner also states that she placed several calls to Adecco over the next couple of weeks which were not returned. Adecco denies having received any calls from Joiner and there aren't any calls reflected in the activity log.

Plaintiff moved to a new home on April 1, 2001 and, in the process changed telephone numbers. Joiner states in her deposition that she contacted the telephone company and had a recorded message placed on her disconnected number providing callers with her new telephone number for 30 days. Plaintiff never contacted Adecco to provide them with her new telephone number. On April 5, 2001, Bernard attempted to contact plaintiff to discuss another potential job placement. At that time, she learned that plaintiff's former telephone number had been disconnected. The activity log for April 5, 2001 states that Joiner's number was disconnected.

---

[9]Joiner states in her deposition that the message stated that she was willing to accept a job placement anywhere (Joiner Dep. at 91). The activity report merely states that Joiner has transportation for work.

## III. Discussion

Joiner alleges, in her complaint, that Adecco failed to place her with new employment because she complained to Adecco about sexual harassment by Marvin Totsch at Totsch Enterprises. She also alleges that Adecco failed to place her due to the Charge she filed with the IDHR. Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §§ 2000e-3(a). Joiner has not come forth with any direct evidence of discrimination so she must use indirect evidence. Under the McDonnell Douglas burden shifting method of proving discrimination, Joiner must first establish a prima facie case of retaliation. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). In order to do so, she must show that "(1) she engaged in statutorily protected expression by complaining about discrimination covered by Title VII; (2) she, and not any similarly situated employee who did not engage in statutorily-protected expression suffered an adverse action by her employer; and (3) she was performing her job in a satisfactory manner. Stone v. City of Indianapolis Public Utilities Div., 281 F.3d 640, 2002 U.S. App. LEXIS 2523, at *8-9 (7th Cir. Feb. 19, 2002). If plaintiff makes this showing, the burden shifts to the Adecco to state a "legitimate, nondiscriminatory reason" for the adverse action. Id. If Adecco is able to state such a reason, the burden shifts back to Joiner to show that the "proffered reasons are pretextual and that [the] actual reason was discriminatory." Id. Although the burden of production shifts under this method, "the burden of persuasion rests at all times on the plaintiff." Klein v. Trustees of Indiana University, 766 F.2d 275, 280 (7th Cir. 1985).

It is undisputed that Joiner engaged in statutorily protected expression in complaining about discrimination to Adecco and filing the Charge and that she did not work for another of Adecco's clients.[10] It is also undisputed that Joiner was performing her job in a satisfactory manner. Joiner has not, however, come forth with any evidence to show that similarly situated employees, that did not complain of sexual harassment, were treated differently. Plaintiff's brief in response to Adecco's motion for summary judgment does not even address the issue of similarly situated employees. Adecco has, however, come forth with undisputed evidence to show that it suspended efforts to place other employees who constantly turned down employment opportunities.[11] Joiner simply can not make out a prima facie case of retaliation under the McDonnell-Douglas framework. Even if Joiner could make out a prima facie case, Adecco had a legitimate reason for failing to place Joiner - she declined multiple placements and then moved without providing Adecco any forwarding information.

Joiner first complained to Adecco about the sexual harassment on February 26, 2001. On February 27, 2001, Adecco told the plaintiff to leave Totsch Enterprises and subsequently asked

---

[10]The parties argue over whether the fact that Joiner never worked for another Adecco client was due to her turning down opportunities or Adecco's practice of discussing but not formally offering Joiner positions with other Adecco clients. The Court need not resolve that issue nor need it determine whether offering a position that was not accessible by public transportation is an adverse employment action. Instead, the Court will, for simplicity, treat Joiner's failure to work for another Adecco client as a discharge, which is clearly an adverse employment action.

[11]Plaintiff's response to defendant's statement of material facts, ¶¶ 47-57, moves to strike the facts concerning the other employees but does not dispute them. In accordance with Local Rule 56.1 and this Court's Standing Order Regarding Motions for Summary Judgment, plaintiff's failure to dispute ¶¶ 47-57 makes them undisputed for the purposes of Adecco's motion. Plaintiff moves to strike the facts as "irrelevant" and because the four employees were "never identified by defendant in discovery." Similarly situated employees are certainly relevant, but Joiner never requested the identity of similarly situated employees in discovery.

the plaintiff if she would like to work at Adecco's Northbrook office until Adecco found her other employment. Plaintiff turned down this opportunity due to transportation problems. Nonetheless, Adecco paid Joiner for work on February 27, February 28, March 1, and March 2. Adecco also revised Joiner's resume and attempted to market her to clients. Adecco advised Joiner on March 1, 2001 of two potential placements in Park Ridge, Illinois. On March 2, 2001, Joiner informed Adecco that she would be unable to pursue opportunities in Park Ridge, Illinois due to transportation problems and her need to get her son to daycare at 7:00 a.m. Adecco also informed Joiner that there was a position in the same building as Totsch Enterprises but they felt uncomfortable placing her there. Joiner did not express disagreement and voiced no interest in obtaining that position. Adecco continued its efforts to place Joiner. Adecco maintains that it phoned Joiner on March 6, 2001 to offer her a position with Flagstar Bank. Joiner claims she never received the message. Joiner, however, did not live alone. Her husband, son, and sister were all living with her at that time. Whether she received the message or not, Adecco claims that it stopped calling Joiner after that because she never got back to them about the position with Flagstar Bank and because she had constantly turned down its offers of employment. There is simply no evidence linking the ceasing of Adecco's efforts to find Joiner employment and her complaint to Adecco of sexual harassment. For eight days after her complaint Adecco investigated and presented employment opportunities to the plaintiff, all of which, for whatever reason, she either turned down or expressed no interest. In addition, Adecco paid Joiner for four of the eight days even though it had no obligation to do so.

Joiner also argues that Adecco's efforts ceased because she filed the Charge. However, the evidence does not support an inference of retaliation. Joiner claims that her attorney

-10-

informed Adecco about the Charge on March 9, 2001. The Charge was actually filed on March 13, 2001. Adecco maintains, and its activity log shows, that it received word of the Charge on July 10, 2001. But, even assuming that Adecco found out about the Charge on March 9, 2001, Adecco had already suspended its efforts to find Joiner employment at that point. Further, on April 5, 2001, Adecco tried to reach Joiner about an employment opportunity but her number was disconnected. Joiner never telephoned Adecco to give them her new contact information. Thus, there is no link between Joiner filing the Charge and Adecco's failure to place Joiner with another of its clients. Adecco had a legitimate non-discriminatory reason for suspending its efforts to place Joiner with one of its clients.

## Conclusion

For the foregoing reasons, Adecco's motion for summary judgment in its favor is GRANTED.

Enter:

David H. Coar
United States District Judge

Dated: July 24, 2002